UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION CENTER

Plaintiff,

v.

OFFICE OF HOMELAND SECURITY and TOM RIDGE, in his official capacity as Director of Homeland Security

Defendants.

Civil Action No. 02-620 (CKK)

FILED

DEC 26 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**
(December 26, 2002)

Plaintiff Electronic Privacy Information Center ("EPIC") brought a four-count complaint against the Office of Homeland Security ("OHS") and its Director Tom Ridge ("Ridge") (collectively "Defendants") for injunctive and other appropriate relief, seeking the expedited processing and release of agency records requested from OHS. Pending before this Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Mot."). Plaintiff has filed a Motion to Stay Proceedings Pending Discovery ("Pl. Mot."). Upon review of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, Plaintiff's Motion to Stay Proceedings, Defendants' Opposition ("Def. Opp."), and Plaintiff's Reply ("Pl. Reply"), the Court shall deny Defendants' Motion without prejudice, and shall grant Plaintiff's Motion with respect to its request for discovery.

## I. BACKGROUND

On March 20, 2002, Plaintiff made a request pursuant to the Freedom of Information Act

(N) 11

("FOIA"), 5 U.S.C. 552, to OHS for "all records relating to efforts to standardize driver's licenses across the country in the possession of [OHS], including but not limited to memos, talking points, reports and draft legislation." Plaintiff's Complaint ¶ 7. Plaintiff also requested "all records associated with [the trusted-flier program] and other proposals being considered by [OHS] that rely on biometric technology to identify citizens and visitors to America." *Id.*

As a basis for their Motion, Defendants maintain that neither OHS nor the Homeland Security Council ("HSC") are "agencies" for the purposes of FOIA, and thus cannot be subjected to FOIA information requests. *See* Def. Mot. at 3. Defendants argue that OHS's status as a non-agency means that this Court lacks jurisdiction to hear this case and therefore it should dismiss Plaintiff's complaint. *Id.* In response, Plaintiff filed its Motion, claiming that it is entitled to discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure[1] before the Court rules on Defendants' Motion. Plaintiff asserts that it is "currently unable to present certain material facts essential to [its] opposition to defendants' motion." Pl. Opp. Exhibit 1, Declaration of David L. Sobel (Sobel Decl.) ¶ 2. The current record provided by Defendants consists– with one exception– of public record documents.[2] Plaintiff claims that in order to be able to oppose

---

[1] "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f).

[2] Defendant filed in support of its Motion the following exhibits: Executive Order 13228 ("Establishing the Office of Homeland Security and the Homeland Security Council"), Exhibit 1; a six-page printout from the White House website ("President Establishes Office of Homeland Security"), Exhibit 2; President George W. Bush's remarks at the swearing-in of then-Governor Tom Ridge as Director of the Office of Homeland Security, Exhibit 3; Homeland Security Presidential Directive - 1, Exhibit 4; Homeland Security Presidential Directive - 2; Exhibit 5; Joint Statement by the Deputy Prime Minister of Canada and Director Ridge on Progress Made

Defendants' Motion it requires facts "within the exclusive knowledge and control of the government," and that prior adjudications of an entity's status for FOIA purposes have "not rested solely upon publicly available documents and directives." Sobel Decl. ¶ 4. Plaintiff has confined its request for discovery to include only material information that will establish OHS's entity status. *Id.* ¶ 6. Specifically, Plaintiff seeks to discover material facts concerning the following information to justify its opposition to Defendants' Motion:

> (a) the staffing and organizational structure of the Office;[3]
> (b) the manner in which the Office has fulfilled the responsibilities assigned to it in Executive Order 13228;
> (c) the nature of the Office's communications and other interactions with federal agencies and officials, including whether OHS has issued guidelines, instructions, or directives to such agencies and officials;
> (d) whether federal agencies and officials have been directed to obtain OHS approval before pursuing policies or activities relating to homeland security; and
> (e) whether the President has expressly approved OHS decisions, findings or other initiatives.

*Id.* ¶ 5.

In response to Plaintiff's discovery request, OHS maintains that its status is plainly

---

in the Smart Border Action Plan, Exhibit 6; Homeland Security Presidential Directive - 3, Exhibit 7; Notice seeking comments on the Homeland Security Advisory System, 67 Fed. Reg. 12047 (Mar. 18, 2002), Exhibit 8; President George W. Bush's "Securing the Homeland, Strengthening the Nation" Report, Exhibit 9; Testimony of Director of Office of Management and Budget, Mitchell E. Daniels, Jr., Before Senate Committee on Governmental Affairs, April 11, 2002, Exhibit 10; Letter from Director Ridge to Senator Joseph Lieberman, April 10, 2002, Exhibit 11; President George W. Bush's Proposal for The Department of Homeland Security, June 2002, Exhibit 12; Organizational Charts for the Office of Homeland Security, Exhibit 13; Executive Order Establishing a Transition Planning Office for the Department of Homeland Security Within the Office of Management and Budget, June 20, 2002, Exhibit 14; President George W. Bush's Message to the Congress of the United States transmitting proposed legislation to create a new Cabinet Department of Homeland Security, June 18, 2002, Exhibit 15.

[3] Defendant's Exhibit 13, containing organizational flowcharts of OHS was submitted with its Opposition to Plaintiff's Motion.

sufficient under law, as evidenced by the record. Def. Opp. at 1. Defendants have proffered various public documents such as OHS's "charter" executive order, all three existing Homeland Security Presidential Directives, and additional congressional materials, which they claim "demonstrate that operational authority for homeland security resides in executive branch agencies," and not in OHS. *Id.* Defendants maintain that more information is not required to determine whether or not OHS is an agency for FOIA purposes.

## II. DISCUSSION

### *A. Legal Standards*

#### 1. Motion to Dismiss

Defendants bring their Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). In reviewing motions to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), district courts employ a standard virtually identical to that used for 12(b)(6) motions. *See, e.g., Vanover v Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) (*citing Pitney Bowes Inc. v U.S. Postal Serv.*, 27 F. Supp.2d 15, 19 (D.D.C. 1998). In reviewing a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, a court will not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, at this early stage in the proceedings, the Court assumes the veracity of all factual allegations set forth in Plaintiff's Complaint. *See Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). Moreover, "[t]he complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler*

*v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). Nonetheless, the Court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). In the 12(b)(1) context, however, the plaintiff bears the burden of proving jurisdiction. *See Vanover*, 77 F. Supp.2d at 98. In its consideration of a motion under 12(b)(1), a district court may look beyond the pleadings to inquire into facts pertinent to its jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947). "[R]uling on a Rule 12(b)(1) motion may be improper before the plaintiff has had a chance to discover the facts necessary to establish jurisdiction." *Herbert v. Nat'l Acad. of Sciences*, 974, F.2d 192, 198 (D.C. Cir. 1992) (*citing Collins v. New York Cent. Sys.*, 327 F.2d 880 (D.C. Cir. 1963); *see also Wilderness Soc'y v. Griles*, 824 F.2d 4, 16 n.10 (D.C. Cir. 1987) ("What is clear is that under . . . Rule 12(b)(1) . . . a district court must give the plaintiff the opportunity to discover evidence relevant to his jurisdictional claim."). "Even under Rule 12(b)(1), procedural safeguards equivalent to those in Rule 56 are required, with Rule 56 used selectively as a guide for ensuring fairness." *Gordon v. Nat'l Youth Work Alliance*, 675 F.2d 356, 360 (D.C. Cir. 1982).

2. Motion for Summary Judgment

Defendants, in the alternative, bring a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants, as the moving parties, bear the "initial responsibility of informing the district court of the basis for [their] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [they] believe[] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). Plaintiff, in response to Defendants' motion, must "go beyond the pleadings and by [its] own affidavits, or by

depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted). The Court is to draw all inferences from the supporting records submitted in favor of the party opposing the summary judgment motion. However, mere allegations or denials in the non-moving party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Furthermore, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251. Rule 56 also provides "essential safeguards" aimed at "ensuring fairness." *Gordon*, 675 F.2d at 360.

One of these "safeguards" is Rule 56(f), which states: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). To succeed on a Rule 56(f) Motion, the Plaintiff must establish how the specific discovery it seeks would create a genuine issue of material fact. *See Carpenter v. Federal Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999). The Court may also deny a motion for summary judgment, or postpone its ruling by granting a stay pending discovery "if the party opposing the motion adequately explains why, at what timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. United States Arms Control and Disarmament Agency*, 864 F.2d 859, 861

(D.C. Cir. 1989). "A Rule 56(f) affidavit or other supporting material must provide reasons why the non-moving party cannot present facts in opposition and how additional discovery will provide those facts, not simply assert that 'certain information' and 'other evidence' may exist and may be obtained through discovery." *Richardson v. Nat'l Rifle Ass'n*, 871 F. Supp. 499, 501-502 (D.D.C. 1994). Furthermore, discovery will not be granted under Rule 56(f) where the non-movant seeks speculative, vague, or irrelevant discovery. *See Strang*, 864 F.2d at 861.

***B. "Agency" Under FOIA***

FOIA requires "agenc[ies]" to "make available to the public" various types of information. 5 U.S.C. § 552(a). The Act defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id.* at § 552(f)(1). This definition "was not, however, meant to cover 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President." *Armstrong v. Executive Office of the President*, 90 F.3d 553, 558 (D.C. Cir. 1996) (*quoting* H.R. Conf. Rep. No. 1380, 93d Cong., 2d Sess. 14 (1974)). From FOIA's text and congressional intent, this Circuit has identified

> "three interrelated factors" relevant to determining whether those who both advise the President and supervise others in the Executive Branch exercise "substantial independent authority" and hence should be deemed an agency subject to the FOIA. These factors are: (1) "how close operationally the group is to the President," (2) "whether it has a self-contained structure," and (3) "the nature of its delegated authority." These three factors are not necessarily to be weighed equally; rather each factor warrants consideration insofar as it is illuminating in the particular case.

*Id.* (*citing Meyer v. Bush*, 981 F.2d 1288, 1293 (D.C. Cir. 1993)). "The question is not only

whether the President sets the [assigned] goal, but the generality of that goal; the more general the goal the greater the likelihood that the responsible entity is vested with some element of discretion and is not just advising or assisting the President." *Id.* at 565.

Defendants maintain that based upon the public documents they have submitted with their briefs, this Court can conclude that OHS is not an agency for the purposes of FOIA. *See* Def. Mot. at 23-35. Defendants point to excerpts from congressional testimony, a letter to a United States Senator, an Executive Order, and Presidential Directives to make their point. *Id.* Defendants also claim that the size of the record reflects only the short length of time OHS has been in existence and not any effort by Defendants to withhold relevant information. Def. Opp. at 2. Defendants also warn the Court that failure to find OHS a non-agency would place it in the position of having to answer a "significant constitutional question." Def. Mot. at 35.

Plaintiff responds that courts, in determining an entity's agency status, have relied on "facts concerning the actual manner in which the authority of the subject entity has been exercised, which . . . were within the exclusive knowledge and control of the government. Those cases have not rested solely upon publicly available documents and directives." Sobel Decl. ¶ 4. Plaintiff claims that the lack of information provided in this case stands in contrast to the record established in *Armstrong*, and therefore posits that "there is simply is no clear indication here that the authority of the OHS cannot 'be exercised without the consent of the president.'" Pl. Mot. at 8 (*quoting Armstrong*, 90 F. 3d at 563). Plaintiff also points to the public documents submitted by Defendants arguing that the evidence does not foreclose the possibility that OHS may exercise some independent authority. Plaintiff maintains that many of Defendants' arguments pertain to HSC and not to OHS. Pl. Mot. at 9-10. Furthermore, while the Executive Order establishing

HSC and OHS states that HSC "shall be responsible for advising and assisting the President with respect to all aspects of homeland security," similar language is not applied to the description of the OHS. Pl. Mot at 11; Def. Mot. Exhibit 1 (Executive Order 13228) §§ 1-3, 5. Lastly, Plaintiff notes that the Executive Order establishing OHS uses vague terms, such as "develop," "coordinate," and "review," which Plaintiff argues "militates in favor of a conclusion that OHS exercises the requisite 'independent authority.'" Pl. Mot. at 13-14.

### *C. The Court Cannot Grant Defendants' Motion*

#### 1. Motion to Dismiss

Plaintiff has the burden of showing that this Court has jurisdiction to hear its case. *Vanover*, 77 F. Supp. 2d at 98. However, Plaintiff claims that if it were allowed discovery it would be able to obtain "information that is within the exclusive knowledge and control of defendants [that] is likely material to the jurisdictional issue defendants raise." Pl. Mot. at 7. While Plaintiff has not shown that this Court has jurisdiction to hear this case, it is clear that the information Plaintiff would need to make such a showing rests solely with Defendants who object to Plaintiff's request for discovery.

The Court agrees with Plaintiff that Defendants' briefs and exhibits filed in support do not foreclose the possibility that OHS is an agency. First, the Court notes that Defendants have presented no affidavits in support of their position. The Court observes that given the strong presumption given government affidavits in FOIA cases, *see Safecard Services, Inc. v. Securities and Exchange Commission*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) ("Agency affidavits are accorded a presumption of good faith. . . ."), an affidavit addressing the scope of OHS's independent authority would be strong evidence in favor of the Defendants' position, *see Public*

*Citizen Health Research Group v. Food and Drug Administration*, 997 F. Supp 56, 72-73 (D.D.C. 1998) ("If a court is satisfied that the affidavits supplied by the agency meet the established standards for summary judgment in a FOIA case and that plaintiff has not adequately called these submissions into question, no factual dispute remains, and discovery is inappropriate.") (citations omitted). Instead, Defendants have provided the Court with various public documents, and pages of explanation of their contents, in an effort to show how OHS functions. However, none of these documents foreclose the possibility that OHS has acted with independent authority in other, undocumented instances. The Court notes with interest that OHS's "mission" is "to develop and coordinate the implementation of a comprehensive national strategy to secure the United States from terrorist threats or attacks," and that OHS is instructed to "*perform the functions necessary to carry out this mission, including the functions specified in section 3 of this order*." Executive Order 13228 § 2 (emphasis added). Therefore, OHS's charter document provides the Office, at least on paper, with the authority to do whatever is "necessary" to meet its mission. The fact that Defendants can point to instances where OHS has acted "solely to advise and assist the President," Def. Mot. at 25, does not mean that OHS acts only in that capacity. Furthermore, it cannot be said that "each one of the [OHS's] enumerated . . . duties is directed at providing . . . advice and assistance to the president," as was the case when the D.C. Circuit examined the Council of Economic Advisers' status. *Rushford v. Council of Economic Advisers*, 762 F.2d 1038, 1042 (D.C. Cir. 1985) (determining that the Council "should not be considered an agency for the purposes of FOIA"); *see also* Executive Order 13228 §§ 2-3.

Given that Defendants have failed to provide evidence that is definitive on the issue of the OHS's agency status and the fact the relevant evidence on this issue rests solely with

Defendants, if this Court is to rule on Defendants' Motion to Dismiss it "must give the plaintiff the opportunity to discover evidence relevant to [its] jurisdictional claim." *Wilderness Soc'y*, 824 F.2d at 16 n.10. The Court will therefore allow Plaintiff the opportunity to conduct limited discovery on this narrow threshold question, as discussed later in this Opinion.

2. Defendants' Motion for Summary Judgment

The Court similarly finds that it cannot grant Defendants' Motion for Summary Judgment. As detailed above, Plaintiff lacks access to information to challenge Defendants' position, and Defendants have not been able to establish to the Court's satisfaction, that OHS is not an agency. Given this determination, the Court cannot grant Defendants' Motion for Summary Judgment.

In addition to the analysis in the preceding section, the Court finds noteworthy the fact that the *Armstrong* court was aided in its analysis of the National Security Council's ("NSC") agency status by a deposition by the NSC's Senior Director for Intelligence Programs, who stated "I don't have the ability to issue instructions or directions to agencies. I would merely convey a decision made by the President or by the National Security Adviser or Deputy National Security Adviser on behalf of the President." *Armstrong*, 90 F.3d at 561. This deposition, in part, led the *Armstrong* court to "conclude that the NSC staff does not 'direct' the CIA in the conduct of its business, nor tell the DCI what to do except insofar as it may relay the decisions of the President and his senior advisers on the statutory Council." *Id.* A deposition by National Security Adviser Anthony Lake was also considered by the *Armstrong* court in reaching its conclusion that the NSC "has a structure sufficiently self-contained that the entity could exercise substantial independent authority." *Id.* At 559-60. Although the *Armstrong* court said nothing about the

need for such evidence in making such a determination, the fact that it had such evidence at its disposal and quoted from two depositions suggests that the consideration of such evidence is, at the very least, helpful, if not required, in determining the status of an entity positioned within the Executive Office of the President.

Much of the Court's concerns would be addressed by such additional evidence. Defendants argue that additional evidence is not required because courts deciding whether or not an entity meets FOIA have relied on statutes, executive orders and presidential directives. Def. Opp. at 4-5. Defendants also maintain that Plaintiff has not shown additional evidence is warranted in this case and that its discovery requests are vague, speculative or irrelevant. *Id.* at 6. The Court disagrees. First, as shown above, courts have looked beyond public documents in efforts to determine whether or not an entity was an agency for FOIA purposes. Such evidence would be helpful especially in this case where the language establishing the entity's power is broad and lacking in firm parameters. Indeed, in *Armstrong*, an affidavit, in addition to analysis of the relevant statute, assisted the Court of Appeals in determining the nature of the authority delegated to the NSC.[4] Defendants' citation to Executive Order 13228 and the Homeland Security Presidential Directives clearly suggest that OHS operates only to assist and advise the President; it does not, however, provide definitive proof that OHS is not an agency. Furthermore, Plaintiff has shown that its request for discovery is necessary and relevant.

---

[4] The district court in *Meyer v. Bush*, also looked beyond executive orders in determining whether or not the Presidential Task Force on Regulatory Relief was an agency subject to FOIA. No. 88-3112, 1991 U.S. Dist. LEXIS 13626 (D.D.C. Sept. 30, 1991), *rev'd and remanded*, 981 F.2d 1288 (D.C. Cir. 1993). The district court relied on letters, memoranda and statements in making its determination. *Id.* at * 20-22.

3. Discovery

The Court shall permit Plaintiff sixty (60) days in which to complete discovery related solely to whether or not OHS is an agency. Discovery may not extend into the merits of this case, and should be narrowly tailored to achieve the goal of this grant. Plaintiff's suggested areas of discovery should be narrowed further. Specifically, Plaintiff may inquire into the nature of the authority delegated to OHS to determine whether or not it possesses independent authority, or operates exclusively, for example, as the staff of the HSC. After completion of this sixty (60) day period, Defendants shall have 30 days in which to refile their Motion if they so choose.

## III. CONCLUSION

For the foregoing reasons, the Court shall deny Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment without prejudice. The Court shall grant Plaintiff's Motion with respect to its request for discovery. An order accompanies this memorandum opinion.

December 26 2002

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge